# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEWARD HINTON, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | |
| FRITO-LAY, Inc., | (Removal from the Circuit Court of Cook County, Illinois, No. 2023-CH-08301) |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Frito-Lay, Inc. ("Frito-Lay") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois County Department – Chancery Division, to the United States District Court for the Northern District of Illinois. Removal to this Court is proper because (1) this Court has jurisdiction over the case, and (2) the Northern District of Illinois is the district embracing the place where the state court litigation is pending. Frito-Lay appears specifically for the purpose of removal and preserves any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. In support of this Notice of Removal, Frito-Lay states as follows:

1. Named Plaintiff Steward Hinton filed a putative class action complaint (the "Complaint") on September 21, 2023, in the Circuit Court of Cook County, Illinois County Department – Chancery Division, bearing the Case No. 2023-CH-08301 (the "Removed Action").

2. On September 28, 2023, Frito-Lay's registered agent for service, CT Corporation System, received a copy of the summons and Complaint in the Removed Action. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of all process, pleadings, and orders served on Frito-Lay in the Removed Action.

3. The Complaint asserts claims for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, et seq.), based on the alleged collection, capture, or possession of biometric identifiers or biometric information at a Frito-Lay facility in Carol Stream, Illinois. (Compl. ¶¶ 30–51).

4. Plaintiff brings a putative class action on behalf of "[a]ll individuals working for Frito-Lay in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Compl. ¶ 54).

5. This removal is effected and has been timely filed within the period allowed for removal under 28 U.S.C. §§ 1446(b) and 1453(b).

6. As set forth more fully below, this Court has jurisdiction over this matter and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## JURISDICTION

7. Jurisdiction in federal court is proper both under the general diversity statute and the Class Action Fairness Act of 2005.

8. Under the general diversity statute, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9. Defendant Frito-Lay is a Delaware corporation headquartered in Plano, Texas. (*See* Compl. ¶ 15; Declaration of Angela Pelaez ("Pelaez Decl."), ¶ 4, attached hereto as Exhibit B). Plaintiff Steward Hinton alleges that he is a citizen of the State of Illinois. (*See* Compl. ¶ 14).

10. Plaintiff's individual claim for damages exceeds $75,000, as he seeks "statutory damages of $5,000 for *each* reckless violation of BIPA pursuant to 740 ILCS § 14/20(2)," i.e., he

seeks $5,000 in damages for each time that he clocked into or out of work using an alleged biometric timekeeping system. (*See* Compl. ¶¶ 5–7, 30–31, Prayer for Relief). Plaintiff thus would only need to clock in or out of work 15 times total to satisfy the amount-in-controversy requirement ($5,000 per violation x 15 times is $75,000). Plaintiff alleges that over a two-year period, from 2017 to 2019, he scanned his fingerprint each time he clocked into or out of work at Frito-Lay's facility—such a claim amounts to more than 15 times. (*See id.* ¶¶ 39, 41, 44). By Plaintiff's own allegations, then, the $75,000 amount in controversy is readily satisfied.

11. Because this action is between citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332.

12. The Court also has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (partially codified at 28 U.S.C. § 1332(d)). CAFA vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2), (d)(5). Each of these four requirements is satisfied in this case.

13. First, the case is a purported class action. (*See* Compl. ¶¶ 52–63) ("Class Allegations").

14. Second, this case satisfies the CAFA minimal diversity requirement; that "any member" of the plaintiff class be a citizen of a state different from "any defendant." 28 U.S.C. § 1332(d)(2)(A). Defendant Frito-Lay is a Delaware corporation headquartered in Plano, Texas. (*See* Compl. ¶ 15; Pelaez Decl. ¶ 4). Plaintiff Steward Hinton alleges that he is a citizen of the State of Illinois. (*See* Compl. ¶ 14).

3

15. _Third_, the putative class consists of at least 100 members. Plaintiff seeks to represent all individuals working for Frito-Lay in Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Frito-Lay during the five-years preceding the filing of the Complaint and alleges that Frito-Lay has at least twenty-one places of business in Illinois. (_See_ Compl. ¶¶ 15, 54). During that period, at least 150 different individuals worked at Frito-Lay's warehouses in the Chicago, Illinois area alone. (_See_ Pelaez Decl. ¶ 5).

16. _Fourth_, the amount in controversy exceeds $5,000,000, exclusive of costs and interest. Unlike other bases for removal, a defendant removing under CAFA need not show that the named plaintiff or any class member has a particular amount at stake in excess of a jurisdictional amount; rather, the defendant need only show that the aggregate amount in controversy exceeds $5,000,000. _See_ 28 U.S.C. § 1332(d)(6).

17. Here, the putative class includes at least 150 members based in the Chicago area alone (_see_ Pelaez Decl., ¶ 5); the Illinois class that Plaintiff seeks to represent would be even larger. Based on the 150 class-member estimate, Plaintiff would need to seek an average of $33,333 in damages per class member to satisfy the $5,000,000 amount in controversy. The Complaint easily surpasses this threshold. Plaintiff seeks $5,000 in statutory damages for _each_ time that each class member allegedly clocked into or out of work using the alleged biometric timekeeping system. (_See_ Compl. ¶¶ 5–7, 30–31, Prayer for Relief). Thus, each putative class member would only need to clock in or out of work an average of 7 times (less than one workweek) to satisfy the amount-in-controversy requirement ($5,000 per violation x 7 times x 150 putative class members is $5,250,000), and Plaintiff alleges that each class member did so each time they clocked into or out of work during the five-year limitations period—which is well more than the average of 7 times

4

per class member required to reach CAFA's $5,000,000 threshold.

## REMOVAL PROCEDURES

18. The CAFA removal statute states that class actions may be removed to federal court "in accordance with section 1446." 28 U.S.C. § 1453(b).

19. Consistent with 28 U.S.C. § 1446, Frito-Lay is providing this Notice, which contains the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This Notice has been prepared and signed by an authorized attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.*

20. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois County Department – Chancery Division.

21. By filing this Notice of Removal, Frito-Lay expressly preserves and does not waive any defenses that may be available to it. Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Frito-Lay does not concede that the jurisdictional amount is recoverable. Rather, Frito-Lay denies that any amount is recoverable by Plaintiff or the putative class.

22. Consistent with the requirements of the statute, a copy of all process, pleadings, and orders served upon Frito-Lay in the Removed Action are attached hereto as Exhibit A. 28 U.S.C. § 1446(a).

23. Frito-Lay was served with a copy of the Complaint on September 28, 2023. This Notice is filed within 30 days of receipt and is therefore timely pursuant to 28 U.S.C. § 1446(b).

Dated: October 27, 2023            Respectfully submitted,

By: */s/ Erik J. Ives*

Erik J. Ives (ARDC #6289811)
FOX, SWIBEL, LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1202
eives@fslc.com

Andrew S. Tulumello
Robert Niles-Weed (*pro hac vice forthcoming*)
Claire L. Chapla (*pro hac vice forthcoming*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
drew.tulumello@weil.com
robert.niles-weed@weil.com
claire.chapla@weil.com

*Attorneys for Defendant Frito-Lay, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 27, 2023, he caused the foregoing Notice of Removal by Defendant Frito-Lay, Inc. to be served by first-class mail upon the following:

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
STEPHAN ZOURAS, LLP
222 W. Adams St.
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com

                                                          */s/ Erik J. Ives*
                                                          Erik J. Ives